```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

KENNETH G. WALSH,                :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :     CASE NO.  3:15cv1210(RNC)
                                 :
LUMIVISIONS ARCHITECTURAL        :
ELEMENTS INC. and                :
LUMIVISIONS LLC,                 :
                                 :
     Defendants.                 :
```

NOTICE and ORDER

Plaintiff Kenneth Walsh brings this action against his former employers, defendants Lumivisions Architectural Elements, Inc. and Lumivisions LLC. Plaintiff claims subject matter jurisdiction is based both on the existence of a federal question, 28 U.S.C. § 1331, and diversity of citizenship, 28 U.S.C. § 1332. However, as set forth below, the court lacks federal question jurisdiction and diversity jurisdiction is unclear on the present record.

I.   Background

The plaintiff is a citizen and resident of New York. (Compl. ¶4.) Defendant Lumivisions Architectural Elements, Inc. is a Delaware corporation with its principal place of business in Connecticut. (Compl. ¶4.) Defendant Lumivisions LLC is a limited liability company with its principal place of business in Connecticut. (Compl. ¶6.) The plaintiff alleges breach of contract (count one) and failure to pay wages in violation of Conn. Gen. Stat. § 31-71a et seq. and § 31-72 (count two). He also seeks

a declaratory judgment pursuant to 28 U.S.C. § 2201 that he "is the rightful owner of a 5% equity ownership interest in Lumivisions." (Compl. ¶3, count 3.)[1]

II. Jurisdiction

"[A] federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the court has an obligation to consider its subject matter jurisdiction sua sponte." PJW Inv. Associates LLC v. Custopharm, Inc., No. 3:10CV01043(CSH), 2013 WL 5529641, at *1 (D. Conn. Oct. 4, 2013). See Curley v. Brignoli, Curley & Roberts Assoc., 915 F.2d 81, 83 (2d Cir. 1990) ("[S]ubject matter jurisdiction is an unwaivable sine qua non for the exercise of federal judicial power.")  "The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998).  "It is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory." Manway Const. Co. v. Hous. Auth. of

---

[1] The defendants failed to appear. U.S. District Judge Robert N. Chatigny granted default judgment as to liability only. (Doc. #17.) On December 30, 2015, the court referred the case to the undersigned for a hearing on damages and a ruling on plaintiff's motion (doc. #15) for costs. See doc. #18.

City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983).

  A. Federal Question Jurisdiction

  The complaint alleges that the court has "federal question jurisdiction over the subject matter of this action because [the plaintiff] seeks a declaratory judgment against Lumivisions, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201." (Compl. ¶7.)

  Pursuant to 28 U.S.C. § 1331, districts courts have subject matter jurisdiction "over all civil actions arising under the [United States] Constitution and the laws and treaties of the United States."  "[T]he declaratory judgment statute does not confer jurisdiction on a district court." Fleet Bank, Nat. Ass'n v. Burke, 160 F.3d 883, 886 (2d Cir. 1998).  "The [Declaratory Judgment Act] is procedural only, and does not create an independent cause of action." Chevron Corp. v. Naranjo, 667 F.3d 232, 244 (2d Cir. 2012) (internal quotation marks and citations omitted).  The plaintiff's other claims - breach of contract and failure to pay wages - arise under Connecticut state law and do not constitute a basis for federal question jurisdiction. Accordingly, the court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

  B. Diversity Jurisdiction

  The plaintiff asserts that the court "has diversity jurisdiction over the subject matter of this action, pursuant to 28

U.S.C. § 1332, because [he] is a citizen of New York, while Defendants LVAE and Lumivisions LLC are both organized under the laws of Delaware with their principal places of business in Connecticut, and the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs." (Compl. ¶8.)

For purposes of diversity jurisdiction, an LLC is deemed a citizen of every state in which its members are citizens. See Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012) ("[The] [d]efendant . . . is a limited liability company that takes the citizenship of each of its members."); Long Beach Rd. Holdings, LLC v. Foremost Ins. Co., 75 F. Supp. 3d 575, 584 (E.D.N.Y. 2015) ("In determining the citizenship of limited liability companies, the Court looks to the citizenship of each of its members."); Prospect Funding Holdings, LLC v. Fennell, No. 15 CIV. 4176(LLS), 2015 WL 4477120, at *2 (S.D.N.Y. July 15, 2015) (complaint "must identify each of [the LLC's] members and plead facts establishing their citizenship"); World Wide Plumbing Supply Inc. v. DDI Sys. LLC, No. 11 CIV. 5091 (BMC), 2011 WL 5024377, at *2 (E.D.N.Y. Oct. 20, 2011) (Plaintiff "is required to plead the identity and citizenship of each member of the LLC as each of their citizenships is imputed to the LLC. If any members of the LLC are themselves LLCs, partnerships, limited partnerships, or other unincorporated entities, [Plaintiff] must

plead the citizenship of each until the citizenship of all individuals and corporations having a direct or indirect ownership interest in [defendant LLC] is set forth.")

The plaintiff does not set forth any allegations with respect to defendant Lumivision LLC's members. On this record, the court cannot determine the defendant's citizenship and therefore cannot conclude that the court has diversity jurisdiction.

III. Conclusion

For these reasons, the complaint does not adequately allege the existence of subject matter jurisdiction. By January 29, 2016, plaintiff shall file an affidavit setting forth the identities and state(s) of citizenship of each member of defendant Lumivision LLC. See Mazzeo v. Am. States Ins. Co., No. 3:14CV361(CSH), 2014 WL 1154530, at *3 (D. Conn. Mar. 21, 2014) (ordering Plaintiff to establish, by affidavit, "the citizenship of Defendant for diversity purposes as of the date th[e] action was commenced by the filing of Plaintiff's Complaint"); Westchester Fire Ins. Co. v. Enviroguard, LLC, No. 3:13CV1620(CSH), 2013 WL 6002759, at *3 (D. Conn. Nov. 12, 2013) (ordering Plaintiff to submit an affidavit setting forth the identities and state(s) of citizenship of each member of defendant limited liability company). In the absence of a showing that the court has subject matter jurisdiction, the undersigned will recommend that the action be dismissed for lack of jurisdiction.

SO ORDERED at Hartford, Connecticut this 11th day of January, 2016.

```
              _____/s/_____
              Donna F. Martinez
              United States Magistrate Judge
```